Rick A. Steinberg, Esq. (RS-7396)
**PRICE MEESE SHULMAN & D'ARMINIO, P.C.**
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel: (201) 391-3737
Fax: (201) 391-9360
RSteinberg@pricemeese.com

Attorneys for Plaintiff,
Mediterranean Shipping Company (USA) Inc. as agent for
MSC Mediterranean Shipping Company S.A.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MEDITERRANEAN SHIPPING COMPANY (USA) INC. as agent for MSC MEDITERRANEAN SHIPPING COMPANY S.A.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AIRPORT CLEARANCE SERVICE, INC. a/k/a ACS LINES,**<br><br>**Defendant.** | **Civil Action No.**<br><br>**COMPLAINT IN ADMIRALTY** |

Plaintiff, Mediterranean Shipping Company (USA) Inc. as agent for MSC Mediterranean Shipping Company S.A. ("Plaintiff"), through its Counsel, Price Meese Shulman & D'Arminio, P.C., by way of Complaint against Defendant, Airport Clearance Service, Inc. a/k/a ACS Lines ("Defendant"), states as follows:

## PARTIES

1. Plaintiff is a New York corporation with its principal place of business at 420 Fifth Avenue, 8th Floor, New York, New York 10018. Plaintiff is the agent in the United States

for Mediterranean Shipping Company S.A. ("MSC"), a foreign company with its principal place of business at 12-14, Chemin Rieu, CH-1208, Geneva, Switzerland.

2. Upon information and belief, Defendant is a New York corporation with its principal place of business at 370 W. Passaic Street, Suite 3000, Rochelle Park, New Jersey 07662.

**JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in particular, The Shipping Act of 1984 (as amended), 46 U.S.C. § 40101 et seq. (hereinafter "the Shipping Act"), and involves contracts within the jurisdiction of this Court or claims pendent or ancillary to the same. This is an admiralty and maritime claim.

**COUNT I**
**(For Money due Under Tariff and/or Service Contracts)**

4. MSC is a common carrier by water, *inter alia*, in the foreign commerce of the United States as defined in the Shipping Act, and acted as such a common carrier for the benefit of Defendant.

5. Defendant is and was at all times herein mentioned a foreign profit corporation or other business organization and is and was a legal entity capable of being sued.

6. Venue is proper in this judicial district because Defendant has its principal place of business in this district.

7. Defendant is a bonded Non-Vessel Operating Common Carrier ("NVOCC") as defined in 46 CFR 515.2(K) and licensed by the Federal Maritime Commission. The definition refers to transporting by water of cargo between the United States and a foreign country for compensation without operating the vessels by which the transportation is provided. Defendant

acted as such in the transaction herein. Defendant holds itself out as being experienced in ocean freight transactions and, or should be, cognizant of the duties that attach to being named as a party "Merchant" to a Bill of Lading.

8. Upon information and belief, Defendant was and is acting as an NVOCC and/or Ocean Transportation Intermediary ("OTI") as defined in 46 CFR 512.5 as to these shipments under the bills of lading contracts of carriage, and acted at all times relevant as the shipper on plaintiff's bills of lading contracts of carriage. As such, plaintiff agreed to pay all freight, drayage, loading, accessorial, and other charges incident to the transportation of defendant's and/or its nominee's goods to their ultimate destinations.

9. MSC has filed a schedule of its rates, rules, charges, service contracts, and/or other terms applicable to its carriage of cargo, including detention and demurrage, with the Federal Maritime Commission, or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Shipping Act. Pursuant to the Shipping Act, MSC is prohibited from transporting cargo for rates and/or charges other than the applicable rates or charges specified in its tariffs or service contracts. The Shipping Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

10. MSC transported cargo for the benefit of Defendant during 2022-2025 in the foreign commerce of the United States in the course and scope of Defendant's NVOCC operations. The relevant transportation services provided by MSC for the benefit of Defendant, as well as the applicable rates, charges, and terms are evidenced by MSC's bills of lading and/or freight bills, and invoices, the terms of which are incorporated herein through reference. MSC has fully performed its obligations under the relevant tariff(s) and contract(s) of carriage. A copy of a Statement of

Account showing that the amount due from Defendant to Plaintiff is $102,635.91 plus costs and reasonable attorney's fees is attached hereto as Exhibit "A."

11. Plaintiff has demanded that Defendant pay the full amount due of $102,635.91.

12. Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

13. Consequently, Defendant is liable to Plaintiff in the amount of $102,635.91, plus costs, reasonable attorney fees and interest thereon.

**COUNT II**
**(Breach of Contract)**

14. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15. Said transportation was performed pursuant to written contract(s) of carriage between MSC and Defendant, as evidenced by said bill(s) of lading and/or invoice(s) reflected on the Statement of Account attached as Exhibit "A."

16. MSC has fully performed its obligations under said contracts.

17. Plaintiff has demanded that Defendant pay the amount due under said contracts and Defendant has refused to pay thereon.

18. Consequently, Defendant is liable to Plaintiff in the amount of $102,635.91, plus costs, reasonable attorney fees and interest thereon.

**THIRD COUNT**
**(Unjust Enrichment)**

19. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Defendant has been unjustly enriched by failing to pay the ocean freight,

demurrage and/or detention and/or related charges in an amount not less than $102,635.91.

**FOURTH COUNT**
**(Quantum Meruit)**

21. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. The fair value of the ocean cargo carriage and/or detention and/or demurrage and related services provided by MSC to Defendant is not less than $102,635.91.

**FIFTH COUNT**
**(Account Stated)**

23. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Plaintiff issued the subject bills of lading which identify Defendant as the shipper responsible for payment of all Freight, as stated in MSC's bill of lading terms and conditions as evidenced by said bill(s) of lading and/or invoice(s) reflected on the Statement of Account attached as Exhibit "A."

25. Based on the account stated, Plaintiff has been damaged in an amount not less than $102,635.91.

**SIXTH COUNT**
**(Attorney Fees)**

26. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Based on the contract of carriage, Defendant is liable to Plaintiff for reasonable attorney fees and expenses incurred in collecting any sums due to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant on the Complaint for damages in an amount not less than $102,635.91, plus reasonable attorney's fees, interest, court costs, and any other relief that the court deems just and equitable.

PRICE MEESE SHULMAN & D'ARMINIO, P.C.
Attorneys for Plaintiff,
Mediterranean Shipping Company (USA) Inc. as agent for
MSC Mediterranean Shipping Company S.A.

By: /s/ Rick A. Steinberg
Rick A. Steinberg

Dated: September 15, 2026

**CERTIFICATION PURSUANT TO DNJ LOCAL CIVIL RULE 11.2**

I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or contemplated, and that no other parties should be joined in this action.

By: /s/ Rick A. Steinberg
Rick A. Steinberg

Dated: September 15, 2026